SUMMONS ISSUED

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ SEP 07 2012 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KHIBA D IZRAIL on behalf of himself and all other similarly situated consumers

Plaintiff,

-against-

FMS INC.

Defendant.

CV 12 4497

GERSHON, J.

GOLD, M.

**CLASS ACTION COMPLAINT**

***Introduction***

1. Plaintiff Khiba D Izrail seeks redress for the illegal practices of FMS Inc. in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within Tulsa, Oklahoma.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

***Jurisdiction and Venue***

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

***Allegations Particular to Khiba D Izrail***

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about July 31, 2012 Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

12. The letter continues to state in the succeeding paragraphs: "Any payments received or credits to the account, which are in addition to the minimum settlement amount will be retained and applied against your full balance."

13. Said letter is contradictory and outrageous, as the initial paragraphs of the letter lead the debtor to assume that once the agreed settlement has been paid in full, the account would be considered settled; while a succeeding paragraph in letter seems to suggest that if the debtor is to make a mistake and pay more than the settlement amount agreed upon, the excess monies would go towards the amount already forgiven in the settlement.

14. The Defendant's said statements constitute a deceptive and misleading representation or means used in connection with the collection of a debt, in violation of the FDCPA, §§1692e and 1692e(10).

15. Said letter states in pertinent part as follows: "If you have a savings of $600.00 or more our client may be required to report this amount to the IRS. You may receive a 1099c for tax purposes. Any questions you may have, you will need to refer to a tax specialist or your choice for further clarification of the tax law."

16. This statement combined with the prior quotation causes the debtor additional confusion and is illegal as set forth below as well.

17. Furthermore, in the prior July 10, 2012 it states: "Whenever $600.00 or more of a debt is forgiven a s a result of settling a debt for less than the balance owing, the creditor may be required to report the amount of the debt forgiven to the Internal Revenue Service on a 1099C form, a copy of which would be mailed to you by the creditor…."

18. Section 1692e of the FDCPA prohibits a debt collector from making false, deceptive, and misleading statements in connection with the collection of a debt.

Section 1692e(10) of the FDCPA prohibits a debt collector from using false representations or deceptive means to collect a debt alleged due.

19. Advising Plaintiff that FMS Inc.'s client, Department Stores National Bank, "may be required to report the amount of the debt forgiven to the Internal Revenue Service on a 1099C form" is deceptive and misleading in violation of the FDCPA.

Section 6050P of the Internal Revenue Code requires that an "applicable entity" report any cancellation or discharge of indebtedness in excess of $600.00 if, and only if, there

has occurred an identifiable event described in paragraph (b)(2) of that section.

20. Here, there is no basis to conclude that a triggering event has or will occur requiring Department Stores National Bank to file a Form 1099-C.

21. The gratuitous reference in a collection letter that a collector's client may contact the IRS is a collection ploy which suggests to the least sophisticated consumer that he or she could get in trouble with the IRS for refusal to pay the debt.

22. Said letter violated 15 U.S.C. § 1692e, and e(10), by falsely representing that "the creditor may be required to report the amount of the debt forgiven to the Internal Revenue Service on a 1099C form". Such a statement is objectively false. Any forgiveness may not be reported to the IRS. The law prohibits the Defendant from reporting information about the consumer on a I099C form unless certain "identifiable events" occur, none of which are applicable to the Plaintiff herein.

23. Said letter is false and deceptive in that it does not explain that it is only under certain limited circumstances that a 1099C Form may be reported to the IRS.

24. In addition, the debtor's alleged amount due is only $627.07, therefore it is in fact unlikely that there will be a forgiveness of over $600.

25. Said letter language is false and deceptive in that it does not explain that the Defendant is prohibited from reporting any "forgiveness" unless and until both Plaintiff and Defendant have reached an "agreement" on the amount of the debt and the amount that is being discharged.

26. Said letter is false and deceptive in that it falsely implies to the least sophisticated consumer that the consumer will have to pay taxes on the difference between what the

Defendant claims is owed and what the consumer agrees to pay.

27. Said letter is false and deceptive in that it falsely implies to the least sophisticated consumer that the consumer will have to pay taxes on any forgiven debt that is comprised as interest as opposed to principal.

28. The false statements mislead the consumer as to the impact of attempting to settle the matter for less than what the Defendant claims is owed.

29. Said letter violated 15 U.S.C. § 1692e, § 1692e(l0) and § 1692e(5) by threatening to engage in an act which is legally prohibited. Defendant's statement that it "may be required to report the amount of the debt forgiven to the Internal Revenue Service on a 1099C form" as contained within the said letter, could be read by the least sophisticated consumer, as a threat to engage in an act legally prohibited. The language falsely indicates that unless the consumer paid the full amount that the Defendant alleges is owed, the Defendant is going to unilaterally engage in conduct that is prohibited by law.

30. Defendant's actions as described herein also violate § 1692e(8), in that the language contained within the said letter is a threat to report information that the Defendant knows, or should have known to be false. Defendant is not permitted to a file 1099C tax form relating to a consumer unless certain "identifiable events" occur. The threat to file such 1099C tax forms without regard for said. "Identifiable events" is a violation of § I692e(8). The least sophisticated consumer could read this letter to mean that the Defendant is going to report to the IRS that the entire difference between what the Defendant says is owed, and what the Plaintiff pays, is taxable. The Defendant's letter fails to disclose to consumers that there is a distinction between principal and interest.

31. The Defendant's actions as described herein are also unfair and unconscionable in violation of 15 U.S.C. § 1692f; as well as harassing and abusive in violation of 15 U.S.C. § 1692d.

32. The Defendant's letter gives consumers objectively false and deceptive tax advice.

33. The Defendant's letter could mislead the least sophisticated consumer that unless the consumer pays the entire amount that the Defendant alleges is owed on the alleged debt, the consumer is going to be reported to the IRS.

34. The Defendant's letter could mislead the least sophisticated consumer into believing that unless the consumer pays the entire amount Defendant alleges is owed for the debt, the consumer is going to have to pay taxes on the entire unpaid balance.

35. The Defendant voluntarily chooses to give the tax advice found in the Defendant's letter. No tax law or regulation obligates the Defendant to include the notice regarding tax form 1099C in their collection letters.

36. It is false and deceptive for the Defendant to give erroneous and/or incomplete tax advice to consumers regarding 1099C tax forms.

37. Misrepresentation of a debtor's rights or liabilities under the Internal Revenue Code in connection with the collection of a debt is an FDCPA violation. Kuehn v. Cadle Co., 5:04-cv-432-Oc-10GRJ, 2007 U.S. Dist. LEXIS 25764 (M.D.Fla., April 6, 2007). (This includes a statement that a 1099 must be issued when a 1099 is not required.), Wagner v. Client Services, Inc., 08-5546, 2009 U.S. Dist. LEXIS 26604 (E.D.Pa., March 26, 2009). (Many classes have been certified.), see Sledge v. Sands , 1998 WL 525433(class certified), and see Follansbee v. Discover Fin. Servs., 2000 U.S. Dist. LEXIS 8724

(N.D. Ill. June 14, 2000). (Granting final approval of the proposed class action settlement and application for attorney fees and incentive award for confusing debt collection letter about canceled debt tax liability.)

**AS AND FOR A FIRST CAUSE OF ACTION**

***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.***

38. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty seven (37) as if set forth fully in this cause of action.

39. This cause of action is brought on behalf of Plaintiff and the members of two classes.

40. Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter by FMS Inc. asserting a debt owed to "Department Stores National Bank" bearing the Defendant's letterhead in substantially the same form as the letters sent to the Plaintiff on or about July 10, 2012; (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered, and (c) the Defendant violated 15 U.S.C. §§ 1692d, 1692e, 1692e(l0), 1692e(5), 1692e(8), and 1692f, for harassment and by threatening to engage in an act which is legally prohibited.

41. Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter by FMS Inc. asserting a debt owed to "Department Stores National Bank" bearing the Defendant's letterhead in substantially the same form as the letters sent to the Plaintiff on or about July 31, 2012; (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the

collection letter was not returned by the postal service as undelivered, and (c) the Defendant violated 15 U.S.C. §§ 1692d, 1692e, 1692e(10), 1692e(5), 1692e(8), and 1692f, for harassment and by threatening to engage in an act which is legally prohibited.

42. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(a) Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c) The only individual issue involves the identification of the consumers who received such collection letters, (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

43. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

44. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

45. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

***Violations of the Fair Debt Collection Practices Act***

46. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

47. Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); And

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
August 27, 2012

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)

FMS INCORPORATED
PO BOX 707600
TULSA, OK 74170-7600
Toll Free: 866-637-4517

Office Hours:
Mon - Thurs 7:00AM to 9:00PM CST
Friday 7:00AM to 5:00PM CST
Saturday 9:00AM to 1:00PM CST

Street Address: FMS INC. • 4915 South Union Avenue • Tulsa • Oklahoma • 74107



# 50% SETTLEMENT OFFER

July 31, 2012

Dear Khiba Izrael,

We have been authorized by KOHL'S DEPARTMENT STORES INC. to offer you a 50% settlement to pay your outstanding balance, as shown. We can offer payment arrangements on this settlement offer to assist you in clearing this account in three(3) monthly installments.

Take advantage of this offer by contacting us at 866-637-4517 to make arrangements to settle your account.

* Any returned payment will be represented electronically.

***Any payments received or credits to the account, which are in addition to the minimum settlement amount will be retained and applied against your full balance.***

Your payment should be made payable to KOHL'S DEPARTMENT STORES INC. and mailed to the address on the tear-off portion of this letter.

We also accept payment by Western Union, MoneyGram, Visa, and Mastercard. Call us at 866-637-4517 for information on these easy methods of payment.

If you have a savings of $600 or more, our client may be required to report this amount to the IRS. You may receive a 1099c for tax purposes. Any questions you may have, you will need to refer to a tax specialist of your choice for further clarification on the tax law.

**IMPORTANT NOTIFICATION PER FEDERAL LAW**
**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

If this is your first notice:

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

**NEW YORK CITY RESIDENTS** – New York City Department of Consumer Affairs License Number 1093359. Contact Mike Casady at 866-637-4517.



| Account Summary |
|---|
| Regarding |
| KOHL'S DEPARTMENT STORES INC. |
| Customer No |
| xxxxxxxx0252 |
| Account Of |
| KHIBA IZRAEL |
| Account No |
| 33040468 |
| Total Balance Due |
| $601.93 |
| Settlement Amount |
| $300.98 |
| Offer Good Through |
| 09/14/12 |



**Benefits of Paying**

- ***Take up to 3 months to settle your obligation.***
- ***Settle your past-due obligation at a discounted rate.***
- ***Satisfaction that your obligation is resolved.***
- ***Collection efforts cease.***

CALL US AT 866-637-4517




260
FMS_Tulsa.wfd
158563

*** Detach Lower Portion And Return With Payment ***

July 31, 2012

PO BOX 707600
TULSA, OK, 74170-7600
33040468 - 5050 - 260

10 13 00002149
158563



| IF PAYING BY VISA, OR MASTERCARD FILL OUT BELOW. CHECK CARD USING FOR PAYMENT: VISA ☐ MasterCard ☐ | |
|---|---|
| CARD NUMBER | AMOUNT |
| CARD HOLDER NAME | EXP. DATE |
| SIGNATURE | CURRENT BALANCE $601.93 |

33040468 - 5050 - 260
KHIBA IZRAEL
1740 E 18TH ST
BROOKLYN, NY 11229-2104

FMS INC.
PO BOX 707600
TULSA, OK 74170-7600



PO BOX 707601
TULSA, OK, 74170-7601
Toll Free: 866-637-4517

866 608 0400

Office Hours:
Mon - Thurs 7:00AM to 9:00PM CST
Friday 7:00AM to 5:00PM CST
Saturday 9:00AM to 1:00PM CST

Street Address: FMS INC. • 4915 South Union Avenue • Tulsa • Oklahoma • 74107

# 55% SETTLEMENT OFFER

July 10, 2012

Dear Khiba D Izrail,

We have been authorized by DEPARTMENT STORES NATIONAL BANK to offer you a 55% settlement to pay your outstanding balance, as shown. We can offer payment arrangements on this settlement offer to assist you in clearing this MACY'S account in three(3) monthly installments.

Take advantage of this offer by contacting us at 866-637-4517 to make arrangements to settle your account. This offer is good through August 24, 2012.

* Any returned payment will be represented electronically.

Your payment should be made payable to DEPARTMENT STORES NATIONAL BANK and mailed to the address on the tear-off portion of this letter.

We also accept payment by Western Union and MoneyGram. Call us at 866-637-4517 for information on these easy methods of payment.

Whenever $600.00 or more of a debt is forgiven as a result of settling a debt for less than the balance owing, the creditor may be required to report the amount of the debt forgiven to the Internal Revenue Service on a 1099C form, a copy of which would be mailed to you by the creditor. If you are uncertain of the legal or tax consequences, we encourage you to consult your legal or tax advisor.

**IMPORTANT NOTIFICATION PER FEDERAL LAW**
**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

If this is your first notice:

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

**NEW YORK CITY RESIDENTS** – New York City Department of Consumer Affairs License Number 1093359. Contact Mike Casady at 866-637-4517.

| Account Summary |
| --- |
| Regarding |
| DEPARTMENT STORES NATIONAL BANK |
| Customer No. |
| xxxxxxx9853 |
| Account Of |
| KHIBA D IZRAIL |
| Account No. |
| 32089472 |
| Total Balance Due |
| $627.07 |
| Settlement Amount |
| $344.90 |

866 922 9545

**Benefits of Paying**

- ***Take up to 3 months to settle your obligation.***
- ***Settle your past-due obligation at a discounted rate.***
- ***Satisfaction that your obligation is resolved.***
- ***Collection efforts cease.***

CALL US AT 866-637-4517